## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES of AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **EP-22-CR-01727-FM** |
| **v.** | § | |
| | § | |
| **RUSSELL RICE,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER ADOPTING UNITED STATES MAGISTRATE REPORT AND RECOMMENDATION

Before the court are the United States Magistrate Judge's "Report and Recommendation" ("R&R") [ECF No. 63], entered November 17, 2023, and "Defendant's Objections to Magistrate Judge's Report and Recommendation" [ECF No. 68], filed December 15, 2023, by Russell Rice ("Defendant"). Therein, the Defendant requests this court reject the R&R *in toto* and grant his motion to dismiss the indictment.[1] For the following reasons, this court overrules the Defendant's objections and adopts the R&R in full.

## I.   BACKGROUND

The facts of this case were sufficiently laid out by the Magistrate Judge.[2] To sum it up, Defendant was caught on video firing a Smith & Wesson, *Bodyguard 380*, .380 caliber semi-automatic pistol outside of a gentlemen's club.[3] The National Integrated Ballistic Information

---

[1] "Defendant's Objections to Magistrate Judge's Report and Recommendation" ("Objections") 7, ECF No. 68, filed Dec. 15, 2023.

[2] *See generally* "Report and Recommendation" 1–3, ECF No. 63, entered Nov. 17, 2023.

[3] *Id.*

Network matched the casings from the area in the surveillance video and Defendant's pistol.[4] Defendant went on to admit both to his possession of the firearm and discharging it at the establishment.[5] Prior to this incident, Defendant had been convicted of several felony offenses.[6] Subsequently, Defendant was indicted for violating § 922(g)(1).[7] Defendant filed a motion to dismiss the indictment arguing that § 922(g)(1) violates the Second Amendment, both facially and as applied to him.[8] Additionally, he argued that § 922(g)(1) violates the Commerce Clause.[9]

This court referred the motion to a United States Magistrate Judge—pursuant to 28 U.S.C. § 636(b)—for a report and recommendation. The R&R recommended that this court deny Defendant's motion.[10] The main thrust of the R&R's analysis is the obligation of *stare decisis*. The Fifth Circuit has previously upheld the constitutionality of § 922(g)(1), and it has not overruled this prior precedent; therefore, we must deny Defendant's motion.[11] Likewise, the R&R found § 922(g)(1) does not violate the Commerce Clause.[12] The Defendant timely filed objections to the R&R.[13]

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 3–4.

[9] *Id.*

[10] *Id.* at 25.

[11] *Id.* at 5 (citing *United States v. Darrington,* 351 F.3d 632, 633 (5th Cir. 2003)).

[12] Id. at 23–24 (citing *United States v. Rawls,* 85 F.3d 240 (5th Cir. 1996)).

[13] The objections were timely because Defendant requested an extension of time to file them. "Order granting leave" 1, ECF No. 67, entered Dec. 15, 2023.

## II.     **STANDARD OF REVIEW**

After being served with a copy of a magistrate's proposed findings and recommendations, a party has fourteen days to file any written objections.[14] Failure to object results in "plain error" review of the magistrate's findings.[15] If objections are timely filed, the referring district judge shall make *de novo* determinations of the objected to portions of the report.[16] Upon completion of review, the district judge may accept, reject, or modify, in whole or in part, the findings or recommendations.[17]

## III.    **DISCUSSION**

Given the objections, the court has done a *de novo* review of the R&R and motion to dismiss the indictment and accepts the findings and recommendations of the Magistrate Judge. The Defendant's objections to the R&R boil down to a battle of dicta. The R&R concluded that this court is bound by *Darrington,* 351 F.3d at 633, because *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* did not implicitly overrule it.[18] Additionally, the R&R also concluded that the Fifth Circuit's *United States v. Rahimi* opinion did not implicitly overrule *Darrington.*[19]

Defendant disagrees. He argues that *Rahimi* did overrule all of the Fifth Circuit's pre-*Bruen* Second Amendment jurisprudence.[20] He argues that prior Circuit language such as, "[a]s we have previously noted, it is clear that felons, infants and those of unsound mind may be prohibited from

---

[14] 28 U.S.C. § 636(b)(1).

[15] *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428 (5th Cir. 1996).

[16] 28 U.S.C. § 636(b)(1).

[17] *Id.*

[18] 597 U.S. 1 (2022).

[19] 61 F.4th 443 (5th Cir. 2023).

[20] Objections at 3.

possessing firearms," and the Supreme Court's words in *District of Columbia v. Heller*, "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill," are dicta, and thus, not binding.[21] He contends that this court must conduct the *Bruen* historical analysis.[22]

Defendant's argument is both logically inconsistent and dangerous. First, a look into what is and is not dictum. As defined by Henry Black over a century ago, "dictum is an expression of opinion in regard to some point or rule of law, made by a judge in the course of a judicial opinion, but not necessary to the determination of the case before the court. It may either be put fourth as the personal opinion of the judge who delivers the judgment of the court, or introduced by way of illustration, argument, or analogy, but not bearing directly upon the question at issue, or it may be a statement of legal principles over and above what is necessary to the decision of the controverted questions in the case."[23] Interpretations of text or statute which involve an explanation of the bases for the interpretation "are germane to the decision of the point involved and not dicta."[24] While dicta has historically been separated into categories such as "Gratis" and "Obiter,"[25] the baseline test for what is dictum, "is whether the statement made was necessary or unnecessary to the determination of the issues raised by the record and considered by the court."[26]

---

[21] Objections at 3–5.

[22] *Id.*

[23] HENRY CAMPBELL BLACK, HANDBOOK ON THE LAW OF JUDICIAL PRECEDENTS OR THE SCIENCE OF CASE LAW 166 (West Publishing Company 1912).

[24] *Id.* at 171.

[25] The use of these distinctions have largely lost favor and the word "dictum" is used as a catch-all for all types.

[26] *Id.* at 173.

With that framework in mind, one can certainly say that the aforementioned Supreme Court statement in *Heller* is dictum. Afterall, the legal question in *Heller* was whether or not a District of Columbia prohibition on the possession of usable handguns in the home violated the Second Amendment.[27] Although, it should be noted that several circuits have held that "*Heller*'s list of 'presumptively lawful' regulations is not dicta," and the Supreme Court reaffirmed this presumption against felons in *McDonald v. City of Chicago*.[28] The statement regarding the longstanding general prohibition of possession of firearms by felons was not necessary to determine the question before the Supreme Court at the time; however, that is equally true regarding Defendant's citation. In *Rahimi*, the question before the Fifth Circuit was whether or not 18 U.S.C. § 922(g)(8) violated the Second Amendment in light of *Bruen*.[29] Given the fact that the District Court relied on pre-*Bruen* precedent in *United States v. McGinnis* and *United States v. Emerson*, the Fifth Circuit had to address pre-*Bruen* § 922(g)(8) case law. But any statements regarding non § 922(g)(8) precedent is dictum and was unnecessarily addressed in *Rahimi*.[30]

It is logically inconsistent for the Defendant to argue that this court is not bound by the "dictum" of *Heller*, but then argue that *Darrington* was overruled by the "dictum" of *Rahimi*. Defendant's arguments regarding *United States v. Daniels* are equally unavailing as the issue

---

[27] *Heller*, 554 U.S. at 573.

[28] *United States v. Barton*, 633 F.3d 168, 171 (3d Cir. 2011); *See also United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010); *United States v. Rozier*, 598 F.3d 768, 771 n.6 (11th Cir. 2010); see also 561 U.S. 742, 786 (2010) ("[w]e made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill' . . . [w]e repeat those assurances here.")

[29] *Rahimi*, 61 F.4th at 448.

[30] *Id*. at 449.

5

before the Fifth Circuit in *Daniels* was an as-applied 18 U.S.C. § 922(g)(3) challenge.[31] Defendant's primary argument is that § 922(g)(1) is facially unconstitutional—a much more daunting question than what the Court grappled with in *Daniels*.

Importantly, this analysis showcases the dangerousness of Defendant's argument. Chiefly, a court of inferior jurisdiction should not be slicing and dicing appellate courts' opinions as dicta or non-dicta. "[Dictum from an appellate court] should be treated with respectful consideration, not only because it proceeds from the appellate court, but also as furnishing a suggestion of the decision which that court might be expected to make if the point should come fairly before it for determination."[32] "[D]ictum, though not originally entitled to rank as a precedent, may eventually come to occupy a position hardly distinguishable from that of a direct adjudication."[33]

A famous example of dictum rising to the level of precedent is found in *Pennoyer v. Neff*.[34] This fact was highlighted by the Supreme Court when it stated, "[f]rom our perspective, the importance of Pennoyer is not its result , but the fact that its principles and corollaries derived from them became the basic elements of the constitutional doctrine governing state-court jurisdiction."[35]

---

[31] 77 F.4th 337, 355 (5th Cir. 2023) ("We do not invalidate the statute in all its applications, but, importantly, only as applied to Daniels. Nor do we suggest that a robust Second Amendment is incompatible with other reasonable gun regulations.").

[32] BLACK, *supra* note 23, at 179.

[33] *Id.*

[34] The dictum itself is, "[t]o prevent any misapplication of the views expressed in this opinion, it is proper to observe that we do not mean to assert, by anything we have said, that a state may not authorize proceedings to determine the status of one of its citizens towards a non-resident, which would b binding within the state, though made without service of process or personal notice to the non-resident. The jurisdiction which every state possesses to determine the civil status and capacities of all its inhabitants involves authority to prescribe the conditions on which proceedings affecting them may be commenced and carried on within its territory. The state, for example, has absolute right to prescribe the conditions upon which the marriage relation between its own citizens shall be created, and the causes for which it may be dissolved." 95 U.S. 714, 734–35 (1877).

[35] *Shaffer v. Heitner*, 433 U.S. 186, 198 (1977).

In *Shaffer*, the Supreme Court would go on to overrule *Pennoyer* but acknowledged the weight of its principles over the course of the preceding century.

This example serves as a reminder that what may have been dictum at the time *can* end up being treated as binding precedent. Therefore, District Courts should not engage in expeditions where they pick and choose dictum or disregard statements made by appellate courts.

Thus, this court takes heed of the Fifth Circuit's proclamation in *Rahimi* that "*Bruen* clearly 'fundamentally change[d]' our analysis of laws that implicate the Second Amendment."[36] It is abundantly clear that *Bruen* has left Second Amendment law in disarray as different Circuits are reaching different results.[37] Afterall, *Rahimi* itself has been taken up by the Supreme Court, and all Federal Courts eagerly await some clarification on the state of the law. However, equally clear, is the due respect given to the Supreme Court's words in *Heller* and *McDonald*, the Fifth Circuit's historical analysis in *Emerson*, and its conclusion in *Darrington*.

The Magistrate Judge was correct in concluding *Emerson*'s "means-end scrutiny" was overruled by *Bruen*.[38] Which resulted in overruling the means-end analysis conducted in Part VI of *Emerson*, but not the rest of the opinion. Of particular note is the historical analysis of Part V which the Magistrate Judge referred to. As already explained, dictum or not, this historical analysis is to be respected. As is the statement, "[a]s we have previously noted, it is clear that felons, infants and those of unsound mind may be prohibited from possessing firearms."[39] While *Darrington* does

---

[36] *Rahimi*, 61 F.4th at 450.

[37] *Compare United States v. Jackson*, 69 F.4th 495, 501–02 (8th Cir. 2023) (upholding the facial constitutionality of § 922(g)(1)) *with Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 98 (3rd Cir. 2023) (holding § 922(g)(1) unconstitutional as applied to Bryan Range).

[38] R&R at 10.

[39] *United States v. Emerson*, 270F.3d 203, 261 (5th Cir. 2001).

not conduct a *Bruen* analysis, it does cite to the historical and text-based analyses in *Emerson* as well as quote the previous statement.[40] Thus, *Darrington*'s conclusion did not completely rest on *Emerson*'s means-end analysis.

Only the Fifth Circuit sitting en banc, or the Supreme Court, can overrule Fifth Circuit precedent.[41] Therefore, if *Darrington* has been overruled, the Fifth Circuit can say so explicitly—just as it did in *Rahimi* and other cases.[42] Or it can do so implicitly by ruling on a case in which the constitutionality of § 922(g)(1) is the question before the Court—similar to the Court's ruling in *Daniels* when it addressed § 922(g)(3). Until then, *Darrington*'s conclusion on the constitutionality of § 922(g)(1) is still good law and this court is bound by it.[43]

Accordingly,

1. It is **HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation that United States Magistrate Judge Berton filed in this cause.

2. It is **FURTHER ORDERED** that "Defendant's Motion to Dismiss" [ECF No. 49] is **DENIED**.

**SIGNED AND ENTERED** this *27* day of **February 2024**.

**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[40] *Darrington*, 351 F.3d at 633–34.

[41] *United States v. Ruff*, 984 F.2d 635, 640 (5th Cir. 1993) ("we are bound by the decision of a prior panel, absent en banc reconsideration or a superseding contrary decision of the Supreme Court." (citation omitted)).

[42] 61 F.4th at 450 ("Rahimi now contends that *Bruen* overrules our precedent [*Emerson* and *McGinnis*] and that under Bruen, § 922(g)(8) is unconstitutional. We agree on both points."); *see also In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 794 (5th Cir. 2021); *see also United States v. Hurtado*, 905 F.2d 74, 75 (5th Cir. 1990).

[43] *Darrington*, 351 F.3d at 634 ("[s]ection 922(g)(1) does not violate the Second Amendment.").